AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

FILED BY _____ D.C.

MAR 03 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

| United States of America | ) |
|---|---|
| v. | ) |
| Peter Stewart | ) Case No. |
|  | ) 20-MJ-8105-WM |
|  | ) |
|  | ) |
|  | ) |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __March 2, 2020__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. §§1326(a) and 1326(b)(2) | Illegal Re-entry After Removal |

This criminal complaint is based on these facts:
See Attached Affidavit in Support of Criminal Complaint

☑ Continued on the attached sheet.

_____
Complainant's signature

Douglas Johnson, Special Agent DHS/HSI
Printed name and title

Sworn to before me and signed in my presence.

Date: 03/03/2020

_____
Judge's signature

City and state: West Palm Beach, Florida

William Matthewman, U.S. Magistrate Judge
Printed name and title

# AFFIDAVIT

I, Douglas S. Johnson, first being duly sworn, do hereby depose and state as follows:

1. I am a Special Agent with the United States Homeland Security Investigations (HSI), currently assigned to the Assistant Special Agent in Charge, West Palm Beach, Florida since June 2007. I was previously employed by the United States Customs and Border Protection (CBP) as a Marine Interdiction Agent and as a Deputy Sheriff with the Brevard County Sheriff's Office in Brevard County, Florida. I have been continuously employed and certified as a state and federal law enforcement officer since January 1985.

2. As a Special Agent with HSI, my duties and responsibilities include conducting criminal investigations of individuals and businesses who have violated federal laws, particularly those found in Titles 8, 18, 19, 21 and 31 of the United States Code. I have received training covering legal and administrative law of the Immigration and Nationality Act and illegal narcotics trafficking. I have obtained experience from numerous investigations involving the importation of illegal narcotics, alien smuggling, re-entry after deportation or removal, money laundering, and other violations of federal law. Over the years, I have attended numerous trainings pertaining to the concealment of illegal narcotics and distribution techniques. I have personally been involved in the seizure of illegal narcotics that have been concealed within various containers, vessels and other conveyances.

## Probable Cause

3. On March 2, 2020, at approximately 0530 a.m., the Town of Palm Beach police department received a call of a vessel that had come ashore near the "Beach Club" located at

755 N. County Road, Palm Beach, Florida, 33480. Upon arrival officers found an unoccupied 20-foot vessel bearing Bahamian registration GB02735. One subject was detained and taken into custody and stated that he arrived with seven (7) other people. The Palm Beach police notified the Department of Homeland Security United States Customs and Border Protection, Border Patrol and to Homeland Security Investigations. Subsequently four (4) additional subjects were located and taken into custody, and three (3) subjects were still at large. All the subjects were transported to the CBP Border patrol station to be processed.

4.  Once at the station, Border Patrol officers conducted biographical checks of the subjects' information and fingerprints as well as checks through law enforcement databases. One of the subjects was identified as Peter Diallo STEWART, a Jamaican national with criminal history in the United States. In 2012, STEWART was convicted of Importing/Manufacturing Firearms in Violation of 18 USC 922(a)(1) and was sentenced to 20 months in custody and 36 months supervised release. A review of documents contained in STEWART's alien file revealed that on July 31, 2013, STEWART was physically removed from the United States pursuant to a final order of removal by an immigration judge. On June 26, 2015, the prior order of removal against STEWART was reinstated after STEWART was again found illegally again in the United States. Based on this order, STEWART was once again physically removed from the United States on August 27, 2015. The removal was documented on a Form I-205, containing STEWART's photograph, fingerprint, and signature.

5.  A search of records maintained by the United States Citizenship and Immigration Services indicates that STEWART did not receive consent from the United States Attorney General or his successor, the Secretary of Homeland Security (Title 6, United States Code, Sections 202(3), 202(4) and 557), to apply for admission to the United States.

6. A post Miranda interview was conducted with the subject Peter Stewart. The interview was audio and video taped and a signed Miranda waiver was obtained from Stewart. The following is a synopsis of the interview and is not verbatim. Stewart admitted that he knows that he is not allowed to return to the United States and that he did not seek permission to re-enter.

7. Based on the foregoing, your Affiant believes that there is probable cause to believe that on or about March 2, 2020, STEWART having been previously removed and deported from the United States, found in the United States, knowingly and unlawfully, without permission from the Attorney General of the United States, or his successor, the Secretary of Homeland Security, having expressly consented to such alien's reapplying for admission to the United States, in violation of Title 8, United States Code, Section 1326(a) and (b)(2).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

Special Agent Douglas Johnson
Homeland Security Investigations

Subscribed and sworn to before me
This 3rd day of March 2020.

William Matthewman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.   20-8105-WM

UNITED STATES OF AMERICA

vs.

PETER STEWART,

        Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?   _____ Yes   __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?   _____ Yes   __X__ No

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

/s/ *Robin W. Waugh*
ROBIN W. WAUGH
Assistant United States Attorney
Florida Bar #: 537837
500 South Australian Avenue, 4th Flr.
West Palm Beach, Florida 33401
Tel: (561) 820-8711
Fax: (561) 659-4526
robin.waugh@usdoj.gov